DECISION
This matter comes before the Court on the appeal of 101 Ocean Road Condominium Association ("Association" or "Appellant") from a decision of the Town of Narragansett Zoning Board of Review ("Board" or "Appellees") denying Appellant's application for a use variance. The Association owns the property, designated as Lots 136 and 138, Tax Assessors Plat D, and filed the application in order to acquire permission to use two storage units located in the basement of the property as office space. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
The uncontroverted facts pertinent to this appeal are as follows: Two condominium owners with storage units had been using that space as personal offices. The Town's Building Official, Mr. Anthony Santilli, notified the owners that using the space as offices was not permitted under previously granted variance and special use permits. After meeting with Mr. Santilli and the Town's Environmental Planning Specialist, the two condominium owners, with authorization from the Association, filed *Page 2 
an application to amend a previously issued variance which would allow the owners to continue to use the storage units as personal offices. When, on July 27, 2006, the Board held a public hearing, the application had, unbeknownst to Appellant, been reclassified by the Appellees as a Special Use Permit. As such, Appellant's testimony before the Board failed to address the requirements for a special use permit. In its decision letter dated November, 16 2006, it is clear that the Board applied the standards required for issuance of a special use permit when it found:
 "That the applicant has not presented any evidence to show compliance with the standards to be met under Section 12.5 of the Zoning Ordinance. Section 12.5 of the Zoning Ordinance relates to Special Use Permits and specifically provides that a previously granted Special Use Permit may not be enlarged or extended without the grant of a new Special Use Permit." (Board Decision Letter at 2)
Under G.L. § 45-24-69, the Superior Court: "may remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are" in addition to other reasons, made "[i]n excess of the authority granted to the zoning board of review," or "[m]ade upon unlawful procedure," or "[a]ffected by other error of law." This Court reviews questions of lawde novo. Von Bernuth v. Zoning Board of Review, 770 A.2d 396, 399 (R.I. 2001)
It is the long standing rule in our jurisdiction that a zoning board applying the incorrect legal standard to the relief sought commits an error of law sufficiently prejudicial to an applicant's rights so as to warrant reversal and remand. See Hugas Corp. v. Veader, 456 A.2d 765,770 (R.I. 1983) ("trial justice erred in upholding the board's utilization of the variance standard and in not remanding the case for reconsideration *Page 3 
under the special-exception standard.") Here, Appellant's application was filed seeking a variance and notice was given of a hearing on an application for a use variance. Despite the contents of the application and the notice provided to the public, when Appellant's matter came before the Board, the Board unilaterally, and without notice to the Appellant, applied the legal standard for a special use permit. As such, this Court finds that the decision of the Board denying Appellant's application for a use variance is effected by error of law such that it was made "[i]n excess of the authority granted to the zoning board of review" and "upon unlawful procedure." G.L. § 45-24-69(d). Accordingly, this Court reverses the decision of the Board dated November, 16 2006, and remands the matter for the Board's consideration of the application under the appropriate legal standard. Counsel for Appellant shall submit an appropriate order in accordance with this Court's Decision within ten days from issuance of this Decision.